J. Michael BOURGEOIS,
Plaintiff–Appellant,

v.

PENSION PLAN FOR the EMPLOY-
EES OF SANTA FE INTERNATION-
AL CORPORATIONS; Santa Fe In-
vestment Savings and Profit Sharing
Plan; GlobalSantaFe Corporation,
Defendants–Appellees.

No. 04–20283.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 11, 2005.

David T. Lopez, David Lopez & Associ-
ates, Houston, TX, for Plaintiff–Appellant.

Dean J. Schaner, Scott Michael Nelson,
Haynes & Boone, Houston, TX, for Defen-
dants–Appellees.

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM: *

J. Michael Bourgeois appeals the grant
of summary judgment in favor of the de-
fendants, the Pension Plan for the Em-
ployees of Santa Fe International Corpora-
tions, Santa Fe Investment Savings and
Profit Sharing Plan, and GlobalSantaFe
Corporation in his Employee Retirement
Income Security Act action challenging the
pension plans' committee's denial of his
request for enhanced benefits. Bourgeois
argues that there was no valid administra-
tive record before the district court.
Bourgeois does not identify any document
that should have been but was not included
in or excluded from the administrative rec-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ord, and he makes no argument how this allegedly inaccurate or incomplete administrative record makes the district court's grant of summary judgment error. Consequently, this issue is without merit. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Bourgeois argues that no document was submitted to the district court that met the requirement that the committee's action be set forth in writing and signed by a majority of the members. Because Bourgeois states that this contention is not part of his appeal, we do not consider this issue.

Bourgeois argues that the district court erred in considering only the claim relating to the period beginning in 1989 and not considering his claim that he was due benefits for 1974 to 1989 as well. However, the district court's decision makes clear that it considered Bourgeois's claims from 1974 forward, and this issue is, therefore, without merit.

Finally, Bourgeois argues that the denial of discovery by the district court was an abuse of discretion because, since the pension plans were self-administered, there was a real conflict of interest that could not be fully established without discovery. Bourgeois did not give the district court any reason why additional discovery would create a genuine issue of material fact. *See* Fed.R.Civ.P. 56(f); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Consequently, the district court's denial of discovery was not an abuse of discretion. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir.2000). The judgment of the district court is AFFIRMED.